

BRETT E. LEWIS (BL6812)
Email: Brett@iLawco.com
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326



Attorneys for Plaintiff
BRANDED HOLDING GROUP, f/k/a
INTERNET HOLDING GROUP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| BRANDED HOLDING GROUP, f/k/a INTERNET HOLDING GROUP, Plaintiff, -against- NETWORK SOLUTIONS, LLC, Defendant. | Index No.: COMPLAINT FOR DELARATORY JUDGMENT JURY TRIAL DEMANDED |

------------------------------------------------------------X

Plaintiff Branded Holding Group, f/k/a Internet Holding Group ("BHG") by its attorneys, for its complaint against Defendant Network Solutions, Inc. ("NSI"), alleges as follows:

### Subject Matter Jurisdiction and Venue

1. This is an action for a declaratory judgment under 28 U.S.C. § 2201. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1332. Plaintiff and Defendant are residents of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Plaintiff occurred in this District by reason of Defendants' conduct as alleged

below, and Defendant is subject to this Court's personal jurisdiction in this judicial district, as Defendant conducts continuous and substantial commerce with customers located in this district.

### Parties and Personal Jurisdiction

3. At all times relevant to the Complaint, Plaintiff BHG was an entity with a principal place of business located at 265 E. 66th Street, 11E, NY, NY 10065.

4. Defendant NSI is a limited liability company, with a principal place of business located at 13861 Sunrise Valley Drive, Suite 300, Herndon, VA, 20171. Defendant is one of the largest domain name registrars in the world, with upon information and belief, over 6 million domain names under management. NSI conducts continuous and substantial commerce with customers located in this jurisdiction through its provision of domain name registration and related services.

### Background

5. The domain name <CM.com> (the "Domain Name") was registered with Defendant NSI on or about May 20, 1997 by one of the owners of BHG. The Domain Name was assigned to BHG in or about 1998.

6. BHG paid all registration and renewal fees and maintained the Domain Name in good standing.

7. Some time between its assignment to BHG in 1998 and January 12, 2001, NSI allowed the Domain Name to be hijacked via a fraudulent registrant transfer notice, which was sent by facsimile.

8. As of January 12, 2001, the whois records for the Domain Name reflected "CM Consulting, c/o Michael Berry" ("Berry"), as the registrant.

9. Tony Pham, who worked for NSI in 2001, confirmed that the Domain Name had been

transferred to Michael Berry after NSI received a change of registrant facsimile. As stated above, the change of registrant fax was unauthorized and fraudulent.

10. Although BHG placed NSI on notice that the Domain Name had been hijacked, NSI purported not to get involved in such disputes and instructed BHG that it would only take action pursuant to a court order.

11. The principal of BHG should not have been required to pursue litigation at that time due to NSI's negligence, and was unable to do so due to financial constraints. As a result, the Domain Name remained registered in Berry's name.

12. Such registration in Berry's name was void under the law, and constituted an unlawful interference with Plaintiff's contractual and/or property rights. Berry acquired no valid rights and/or title in or to the Domain Name from stealing it.

13. On or about May 21, 2002, Berry transferred the stolen Domain Name to Satoshi Shimoshita at the domain name registrar R&K GLOBALBUSINESSSERVICES,INC. DBA 00DOMAINS.COM. Notwithstanding the fact that NSI had been placed on notice that the Domain Name was stolen, NSI approved the transfer, allowing the hijacked Domain Name to be conveyed to a third party.

14. Berry could not convey good title or valid rights in or to the Domain Name to Satoshi Shimoshita ("Shimoshita"), as the Domain Name was stolen from Plaintiff's NSI account, and rightfully belonged to Plaintiff.

15. Upon information and belief, from 2002 until some time in 2013, Shimoshita used the Domain Name in connection with the sending of mass unsolicited commercial email spam.

16. Upon information and belief, in or about November 2013, the Domain Name was seized by its registrar for Shimoshita's persistent and pervasive use of the Domain Name in

connection with the sending of bulk commercial email spam.

17. Following its seizure, the Domain Name was made inactive, and remains available for restoration to Plaintiff's account.

18. Plaintiff seeks a Court Order declaring that it is the rightful registrant and owner of the Domain Name, directing NSI and the .com registry, Verisign, to make the registration of the Domain Name of record in Plaintiff's name.

## FIRST CAUSE OF ACTION

### [Declaratory Judgment]

19. Plaintiff realleges and incorporates by reference Paragraphs 1 through 18 as though fully set forth here.

20. The domain name <CM.com> (the "Domain Name") was registered with Defendant NSI on or about May 20, 1997 by its original registrant, who was one of the owners of BHG. The Domain Name was assigned to BHG in or about 1998 by its original owner. At all times it maintained the registration in active, paid status. BHG never authorized its transfer to any party.

21. BHG did not authorize Berry to transfer the Domain Name to his name. BHG did not authorize Berry to transfer the Domain Name to Shimoshita. BHG never sent a fax authorization to NSI purporting to transfer the Domain Name.

22. As such, BHG is the rightful registrant and registered name holder of the Domain Name.

23. A justiciable controversy exists between BHG and NSI.

24. To resolve this actual controversy, BHG seeks a declaration and judgment that it is the rightful registrant and registered name holder of the Domain Name, and seeks an Order of this Court transferring the Domain Name to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaratory judgment against Defendant that:

1. BHG is the rightful registrant and registered name holder of the Domain Name;

2. That the Domain Name immediately be transferred to BHG; and

3. such other relief as the Court deems just and equitable under the circumstances.

Dated: March 21, 2014

Respectfully submitted,

Lewis & Lin, LLC

_____
Brett E. Lewis

*Attorneys for Plaintiff*
BRANDED HOLDING GROUP, f/k/a
INTERNET HOLDING GROUP

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands trial by jury for all issues so triable.

Dated: March 21, 2014.

                                        Respectfully submitted,

                                        Lewis & Lin, LLC

                                        Brett E. Lewis

                                        Attorneys for Plaintiff
                                        BRANDED HOLDING GROUP, f/k/a
                                        INTERNET HOLDING GROUP